Wash, J.
 

 We see no error in the first part of his Honor’s charge. He certainly did not instruct the jury, that the plaintiff was acting under any specific inai ructions from the defendant. The agreement between the parties was, that the plaintiff, out of the money i his hands, or shortly to be, should take up the two execi >ns against the defendant, and which were then in the os-session of Cook, the constable — that is, should pay 3m
 
 *72
 
 off. If he had done so — had paid their amount to the constable — the defendant, Cotten, would have been discharged from all further liability upon them, and the plaintiff, Curl, could not have recovered their value from him. Instead of so doing, he discounts them with Cook, thereby leaving them still in full force against the defendant, and the title to them still in Curl; but he subsequently did pay them, and would have been entitled to a credit on his acceptance — and we cannot conceive why it was not stated in the case, whether or not he had paid it, as upon this ground the whole merits of the plaintiff’s claim turned; and it was the duty of the plaintiff to have drawn up his exceptions, so that this Court could sec whether there was any error committed by the presiding Judge, to his injury. As the case is stated, we cannot say whether there is error in the charge or not. We differ from his Honor upon the second branch of his charge. lie instructed the jury, “ that when one man docs an act for another, to make that other liable, there must have been a request previous to the act.” In this opinion there is manifest error; and we should, without hesitation, grant a new trial, if, from the case as it is before us, wc could see that any injury had been sustained by the plaintiff in consequence of it. In every declaration for money paid for the use of another, it must, it is true, be laid to have been paid
 
 at his request;
 
 but this request may be express or implied, and it is always implied in law, where the payment is subsequently recognized by the person for whom it is made. The promise to pay, made after, is sustained by a sufficient consideration. Com. on Cont. 591, 2. We cannot, however, see . in what way this error has acted to the injury of the plaintiff. The case declared on and proved, was one of express previous request, and the opinion had no application to it. The defendant’s engagement was, if the plaintiff would pay off the Curl judgments, not that he would repay him the money, but that he would credit him
 
 *73
 
 on his accepted order. What has become of the order, the case does not disclose. We are not informed whether the plaintiff ever collected the Burnett money, though it may well be presumed that he has done so, and
 
 that
 
 before this action -was brought, as he said, at the time the agreement was entered into, “ that he had not collected
 
 all
 
 the money, but would in a day or two.” If the money
 
 was
 
 collected by him, then most clearly he cannot maintain this action, because, to tlie amount of the Curl executions, it is his money. If he has not collected it, the fact should have been shown. In that case, the subsequent declarations of the defendant would have supported his count for money paid to his use.
 

 This is not a case of agency, but simply an agreement between
 
 the parties,
 
 that the plaintiff should, of the funds of the defendant, pay off the executions in the hands of the Constable, Cook, and he would credit him on his acceptance. The case is so obscurely made out, that we cannot say we fully understand it.
 

 Per Curiam. Judgment affirmed.